IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WALTER HAYNES,
ADC #111110                                                                                          PLAINTIFF

v.                                              5:07CV00220WRW/HLJ

LARRY NORRIS, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff is an inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC). By Order dated September 6, 2007, this Court granted his application to proceed in this 42 U.S.C. § 1983 action in forma pauperis, and directed him to file an amended complaint, noting that he failed to include any specific allegations against the eleven named defendants. Plaintiff has now submitted an amended complaint (DE #6).

According to plaintiff's original and amended complaints, he has lost a total of 665 days of good time credits since he has been incarcerated at the ADC, as a result of disciplinary convictions which violated the due process clause both with respect to procedures used and results imposed. Specifically, plaintiff claims he is illiterate and requested assistance during those instances (ranging from 2001-2003), and was denied his automatic right to a counsel substitute by defendants Taylor, Lively, Rowland, "J.L." and "OCS". Plaintiff also challenges the results of the hearings, and the fact that the charging officers' statements were always upheld by the hearing officers. Plaintiff also alleges that since defendant Norris is director of the ADC, he is responsible for the hiring and training of the employees, and thereby responsible for their failure to abide by due process

requirements. Despite the directions provided by this Court in its September 6, 2007 Order, plaintiff does not allege specific acts by any of the remaining named defendants. Plaintiff asks for injunctive relief in the form of a policy designating counsel substitutes for all inmates below a certain IQ level, together with compensatory and punitive damages based on the extra time he has been required to spend in punitive isolation as a result of his convictions, and in custody of the ADC as a result of the revocation of his good time credits.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true. See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984). A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Court finds that this case falls within the context of Edwards v. Balisok, 117 S.Ct. 1584 (1997), and Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Balisok, supra, the Court held that the

plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 117 S.Ct. at 1587. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994), the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. <u>See</u> <u>also</u> <u>Sheldon v. Hundley</u>, 83 F.3d 231 (8th Cir. 1996).

In this particular case, plaintiff is challenging both the disciplinary procedures and the results in his complaint. He specifically alleges that his due process rights were violated in the numerous hearings, which resulted in a loss of his good-time credits and an extension of his time in custody. A challenge to both the results and procedures used in the disciplinary hearings would necessarily imply the invalidity of the those violations and resultant punishments.

Therefore, the Court finds that plaintiff's complaint should be dismissed without prejudice, pursuant to <u>Heck</u> and <u>Balisok</u>, <u>supra</u>, and that should his disciplinary convictions be invalidated by a state tribunal or federal court, he may reassert his claim for damages in a subsequent § 1983 action. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED without prejudice to plaintiff's right to reassert his claim should his disciplinary be

invalidated by a state tribunal or federal court.[1]

    IT IS SO ORDERED this 3rd day of October, 2007.

*/s/ Henry L. Jones, Jr.*
United States Magistrate Judge

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).